■ EOR Fifty Nine of New York, Inc., Appellant, v Baco Development Corp., Defendant, and James Evanson, Respondent. [678 NYS2d 614] —Order, Supreme Court, New York County

(Leland DeGrasse, J.), entered August 5, 1997, granting defendant James Evanson's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs.

While plaintiff asserted that it acquired title to the subject property by means of a foreclosure deed issued in consequence of the foreclosure of a 1984 mortgage, the motion court properly noted that, in fact, plaintiff acquired title pursuant to the foreclosure of a 1990 mortgage, and plaintiff failed to explain why the assignment of rent clause in the 1990 mortgage should be applied retroactively to invalidate the 1986 agreement by defendants modifying defendant Evanson's rent obligations. Nor did plaintiff explain how the 1984 mortgage, which was apparently extinguished by the 1990 mortgage or satisfied, could have applied to the 1986 agreement.

In any event, the motion court properly determined that the defendant Evanson was a residential tenant who never received actual notice of the assignment of rent clause in the 1984 mortgage. As a result, even if plaintiff did acquire title to the subject property through foreclosure of the 1984 mortgage, Real Property Law § 291-f did not apply to Evanson (*see,* Real Property Law § 291-f; 1960 NY Legis Ann, at 318-319).

In addition, the motion court properly determined that Evanson was not liable for waste based on his alleged failure to pay the taxes claimed by plaintiff, since plaintiff failed to demonstrate that Evanson was liable for those taxes, much less that he fraudulently or intentionally failed to pay them (*see, Travelers Ins. Co. v 633 Third Assocs.,* 14 F3d 114, 119, 123).

We have considered plaintiff's remaining arguments and find that they lack merit. Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.